**Richard MORALES, Plaintiff,**

v.

**WALT DISNEY PRODUCTIONS and William H. Anderson, Defendants.**

**No. 73 Civ. 1267.**

United States District Court, S. D. New York.

July 5, 1973.

David Lopez, New York City, for plaintiff.

Donovan, Leisure, Newton & Irvine, New York City, for defendants; Roger W. Kapp, New York City, E. Maureen Olson, New York City, of counsel.

## MEMORANDUM

BONSAL, District Judge.

William H. Anderson ("Anderson"), a director and officer of Walt Disney Productions ("WDP"), was granted an option on August 1, 1967 to purchase 3,500 shares of WDP common stock pursuant to the WDP Qualified Stock Option Plan. On December 31, 1970, Anderson exercised his option to the extent of 1,000 shares. Thereafter, WDP common stock was split two-for-one by means of a 100% stock dividend paid on March 1, 1971. On May 11–12, 1971, Anderson sold 4,000 shares of WDP common stock.

On January 22, 1973, plaintiff, by his attorney, made a demand on WDP to recover Anderson's "short swing" profit resulting from his purchase and sale of WDP common stock pursuant to Section 16(b) of the Securities Exchange Act of 1934 (15 U.S.C. § 78p(b)).

On March 6, 1973, WDP made a demand on Anderson for $125,001.17, and on March 7, 1973 Anderson paid this amount to WDP in settlement of his liability.

■ Since Anderson acquired his stock pursuant to an option given more than six months prior to its exercise, the parties agree that Anderson is entitled to the benefit of Rule 16b–6(a)(b), (17 C.F.R. 240.16(b)–6(a)(b)), whose purpose is to soften the burden on longterm holders of stock options. In providing in 16b–6(b) that "Nothing in this rule shall be deemed to enlarge the amount of profit which would inure to the issuer in the absence of this rule," this is made clear. In reaching the settlement of $125,001.17 with Anderson, WDP applied the rule but construed the words "within six months before or after the date of sale" as meaning a period of less than six months before or after that date, reasoning that this conforms with the statutory language of Section 16(b) which speaks of "within any period of less than six months."

Plaintiff, on the other hand, contends, and the court agrees, that the phrase "within six months before or after the date of sale" means exactly what it says. See Stella v. Graham-Paige Motors Corp., 132 F.Supp. 100, 103–104 (S.D. N.Y.1955), remanded, 232 F.2d 299 (2d Cir.), cert. denied, 352 U.S. 831, 77 S.Ct. 46, 1 L.Ed.2d 52 (1956). Within six months before the date of sale means a period of six full months ending at midnight on the date of sale. There appears to be no dispute that if this standard is applied WDP would be entitled to recover an additional $1,104.54 from Anderson.

■ Plaintiff seeks interest from the date of Anderson's sales to the date of payment. As pointed out in Blau v. Lehman, 368 U.S. 403, 414, 82 S.Ct. 451, 457, 7 L.Ed.2d 403 (1962):

"Section 16(b) says nothing about interest one way or the other. This Court has said in a kindred situation that 'interest is not recovered according to a rigid theory of compensation for money withheld, but is given in response to considerations of fairness. It is denied when its exaction would be inequitable.' Board of Commissioners v. United States, 308 U.S. 343, 352 [60 S.Ct. 285, 289, 84 L.Ed. 313]."

Since Anderson was entitled to the benefits of Rule 16(b)–6(a)(b), the court finds that it would be inequitable to exact interest in this case.

For the foregoing reasons, defendants' motion for summary judgment is denied. Since there is no dispute as to the facts and the court finds as a matter of law that WDP is entitled to recover an additional $1,104.54 from Anderson without interest, judgment may be entered accordingly.

The foregoing constitutes the court's findings of fact and conclusions of law. Rule 52(a), Fed.R.Civ.P.

It is so ordered.